IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL LEWIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0777 |
| | : | |
| WILLIAM FORST, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                      APRIL 11, 2025

      Plaintiff Daniel Lewis brings this *pro se* civil action based on allegations that two transit officers, William Forst and Coplan Grant, violated his constitutional rights during an arrest. Lewis seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Lewis *in forma pauperis* status and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

      Lewis alleges that the events giving rise to his claims occurred on December 15, 2022, at the SEPTA elevated train station at Kensington and Tioga. (ECF No. 1 at 1-2.) He claims that Officers Forst and Grant ran over to him from the opposite side of the platform, tased him, and brutally beat him while he waited for a train. (*Id.* at 1.) Lewis asserts that he was the subject of racial profiling, that he was arrested without probable cause, and that Defendants used excessive force during the arrest. (*Id.*; ECF No. 6 at 1-2.)

---

[1] Lewis initiated this civil action by filing a "Motion for Civil Action," which was entered on the docket by the Clerk of Court as a complaint. (ECF No. 1.) Lewis subsequently filed a "Motion for General Relief" which contains additional facts in support of his claims (ECF No. 6). The Court will consider both documents together as comprising the Complaint. The Court also takes judicial notice of relevant public court dockets for the purpose of reviewing Lewis's Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

He claims that his teeth were cracked or knocked out, and that he suffered a back injury, two broken ribs, a black eye, and knee and shoulder damage. (ECF No. 1 at 1; ECF No. 6 at 1.) According to Lewis, he spent a year and a half in jail, which prevented him from obtaining "good medical treatment." (ECF No. 1 at 1; ECF No. 6 at 2.) He received treatment at Temple Hospital in 2022 and Einstein Hospital in 2024 for his injuries. (ECF No. 1 at 2.) Lewis contends that he still suffers the pain of his physical injuries and has been diagnosed with stress, bipolar disorder, and schizophrenia. (ECF No. 1 at 2.) Based on these events, Lewis seeks monetary damages. (ECF No. 6 at 2-3.)

With regard to the underlying state court prosecution, Lewis indicates that multiple charges against him were dismissed and the case was reduced to a disorderly conduct charge. (*See* ECF No. 1 at 2; ECF No. 6 at 2.) The state court docket system reflects Lewis was charged with "Aggravated Assault – Attempts to Cause or causes SBI to Designated Individuals" and "Disorderly Conduct Engage in Fighting" based on the December 15, 2022 event. *See Commonwealth v. Lewis*, MC-51-CR-0021872-2022 (M.C. Phila.). A preliminary arraignment was held on December 17, 2022, and bail was set that day. *See id.* The aggravated assault charges were quashed and a negotiated guilty plea on a charge of "Disorderly Conduct Engage in Fighting" was entered on March 5, 2024. *See Commonwealth v. Lewis*, CP-51-CR-0000983-2023 (C.P. Phila.).

## II.    STANDARD OF REVIEW

The Court grants Lewis leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. §

---

[2] However, since Lewis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Lewis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683,

3

688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

**III. DISCUSSION**

Lewis seeks damages for alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Lewis's filings are best construed as alleging violations of his Fourth Amendment right to be free from the use of excessive force and false arrest,[3] as well as violations of his Fourteenth Amendment equal

---

[3] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)). To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)); *see also Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024) (noting that the "any-crime rule" governs claims for false arrest).

protection rights based on alleged selective enforcement of the laws.[4]

As an initial matter, Lewis does not sufficiently describe the circumstances and events leading up to his arrest to support inferences that Defendants' actions were unconstitutional. Lewis presents his claims in a conclusory fashion. *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting [defendant] lacked probable cause to believe he had committed the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false); *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) (*per curiam*) (finding that bare allegation that plaintiff was "assaulted" is insufficient to state an excessive force claim); *Thomas v. Weiss*, No. 21-14554, 2024 WL 2830662, at *14 (D.N.J. June 4, 2024) (dismissing selective enforcement claim because plaintiff failed to show that the police treated him differently than other similarly situated persons); *Kitt v. City of Pittsburgh*, No.

---

[4] Liberally construing the Complaint, the Court understands Lewis to allege that Defendants violated his right to equal protection under the Fourteenth Amendment because he is a member of a protected class and his arrest was racially motivated. (*See* ECF No. 6 at 1 ("Septa . . . maintains an unexceptional [sic] amount of claims and a huge impact on African Americans regarding similar complaints such as discrimination of racial profiling, excessive use of force, and personal injuries.").) The elements of an equal protection claim based on selective enforcement or racial profiling are: (1) the police actions had a discriminatory effect and (2) the police actions were motivated by a discriminatory purpose. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002); *see also Harvard*, 973 F.3d at 205 ("To establish a selective enforcement claim under the Equal Protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that he was (1) treated differently from other, similarly situated persons and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor or to prevent the exercise of a fundamental right." (internal quotation omitted)).

5

15-225, 2016 WL 640534, at *8 (W.D. Pa. Feb. 18, 2016) (finding that a conclusory reference to "selective enforcement" was insufficient to withstand a motion to dismiss).

In any event, Lewis may not pursue his claims because they are time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, the limitations period applicable to Lewis's claims is two years.

A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Notably, the limitations period starts to run at this time even if the full extent or severity of the injury is not yet known. *Alexis v. Connors*, No. 23-2502, 2024 WL 3534480, at *2 (3d Cir. July 25, 2024) (*per curiam*) (citing *Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009); *Wallace*, 549 U.S. at 391).

Lewis's racial profiling and excessive force claims accrued on December 15, 2022, because that was when the Defendants allegedly subjected Lewis to racial profiling and excessive force. *See, e.g.*, *Dique*, 603 F.3d at 188 (claim for selective enforcement accrues at the time "the wrongful act resulting in damages occurs"); *Patterson v. Strippoli*, 639 F. App'x 137, 141 (3d Cir. 2016) ("Because a selective prosecution claim under the Equal Protection Clause may be established by 'a single discriminatory act,' *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1186-87 (7th Cir. 1986), the claim based on it accrues at the time of the discriminatory or irrational enforcement

action."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Accordingly, Lewis was required to bring these claims by December 15, 2024. His false arrest and any related false imprisonment claims accrued by December 17, 2022, because that is when he was held pursuant to legal process, so he had until December 17, 2024 to bring those claims. *See, e.g.*, *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process").

Lewis's Complaint was entered on the docket on February 10, 2025. However, it was filed on January 23, 2025 at the earliest, because that is the date he signed his initial pleading. *See* ECF No. 1; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing."). Since this case was filed more than a month after the statute of limitations expired on his claims, it is time-barred. Moreover, the facts alleged do not support a reasonable basis for equitable tolling.[5]

---

[5] "Tolling is [an] extraordinary remedy, and is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair." *D.J.S.-W ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (alterations in original) (internal citations and quotations omitted). Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff in some extraordinary way has been prevented from asserting a claim; or (3) a plaintiff has timely asserted his claims but in the wrong forum. *See id.*

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (*per curiam*); *see also Harris v. Stash*, No. 22-1910, 2023 WL 1990531, at *2 (3d Cir. Feb. 14, 2023) (*per curiam*) ("[A] court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary."). Because it is apparent from the face of the Complaint that his claims are time-barred, the Complaint will be dismissed for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Lewis leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis will not be given leave to amend in this action because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.